1   STAN S. MALLISON (Bar No. 184191)
    StanM@TheMMLawFirm.com
2   HECTOR R. MARTINEZ (Bar No. 206336)
    HectorM@TheMMLawFirm.com
3   LEANNA M. SAC (Bar No. 327353)
    LMSac@TheMMLawFirm.com
4   MALLISON & MARTINEZ
    1939 Harrison Street, Suite 730
    Oakland, California 94612-3547
5   Telephone: (510) 832-9999
    Facsimile: (510) 832-1101
6
    Attorneys for PLAINTIFF
7

8                    **UNITED STATES DISTRICT COURT**

9                    **EASTERN DISTRICT OF CALIFORNIA**

10

11  EDMOND TRENT GILMORE, on behalf of        **Case No:**
    himself and all others similarly situated,
12                                              **INDIVIDUAL, FLSA, AND PAGA
                                                COMPLAINT FOR:**
13                Plaintiff,
                                                1.  Federal Fair Labor Standards Act
14        vs.                                       Violation;
                                                2.  Failure to Pay Contractual Wages;
15                                              3.  Failure to Pay Minimum Wage;
    MCMILLAN - HENDRYX INCORPORATED            4.   Failure to Pay Overtime;
16  (DBA AMERICAN SEALS WEST, INC.); GARY      5.  Meal Period Violations;
    HENDRYX, JUSTIN HENDRYX, DEB C.            6.  Rest Period Violations;
17  HALL, and DOES 1 through 20,               7.  Failure to Provide Reimbursement for
                                                    Necessary Business Expenditures;
18                                              8.  Wage Statement and Record Keeping
                                                    Violations;
19                Defendants.                   9.  Failure to Pay All Wages Owed Upon
                                                    Termination;
20                                              10. Violation of UCL (Bus. & Prof. Code §§
                                                    17200 et seq.)
21                                              11. Failure to Make Payroll Records
                                                    Available (Labor Code §§ 226(f) and
22                                                  226(h));
                                                12. Failure to Make Personnel Records
23                                                  Available (Labor Code §§ 1198.5(k)
                                                    and 1198.5(I));
24                                              13. PAGA - Labor Code § 2699 *et seq.*

25                                                  **DEMAND FOR JURY TRIAL**

26

_____
INDIVIDUAL, FLSA, AND PAGA COMPLAINT                    *Case No.:*

1      Plaintiff Edmond Trent Gilmore ("Plaintiff") brings this action against Defendants

McMillan - Hendryx Incorporated (DBA American Seals West, Inc.); Gary Hendryx, Justin

Hendryx, Deb C. Hall, And Does 1 Through 20, And Does 1 Through 20 (Hereinafter

"Defendants") individually and on behalf of all other similarly situated individuals employed under

common circumstances and facts.  The allegations made in this Complaint are based on the

knowledge of Plaintiff, except those allegations made on information and belief, which are based

on the investigation of Plaintiff's counsel.

2.     As a result of the violations described herein, Plaintiff brings this Fair Labor

Standards Act ("FLSA") collective action on behalf of non-exempt workers employed by

Defendants in California.

3.     Plaintiff's California Private Attorney General Act, Labor Code §§ 2698 *et seq.*

("PAGA") claim is brought as an enforcement action on behalf of the state for penalties and other

remedies on behalf of the State of California and current and former employees as expressly

permitted by that statute. All PAGA administrative requirements will have been met for this

purpose prior to service of the instant amended complaint.

## I.     NATURE OF THE ACTION

4.      This is wage and hour action to vindicate the rights afforded employees by federal

and California labor laws.  This action is brought on behalf of Plaintiff in three capacities: (a)

individually; (b) as a FLSA collective action (29 U.S.C. § 216(b)), and (c) on behalf of the State of

California in a PAGA claim.

5.     This action revolves around the systematic failure by Defendants to pay California

non-exempt employees, including Plaintiff, in conformance with federal and California laws.

Defendants have employed Plaintiff and other non-exempt current or former employees directly, as

joint employers, or as agents of one another, are liable as employers under California Labor Code §

558.1, and/or are liable for penalties under PAGA as persons acting on behalf of the employer who

caused violations under California Labor Code § 558(a).

6.     The core violations Plaintiff alleges against Defendants are: (1) failure to pay

INDIVIDUAL AND PAGA COMPLAINT                              *Case No.:*

contractual wages; (2) failure to pay minimum wage; (3) failure to pay all overtime wages owed; (4) failure to provide timely first meal periods, and failure to provide uninterrupted 30-minute meal periods, and/or provide appropriate compensation in lieu thereof; (5) failure to provide timely, complete, rest periods, and/or provide appropriate compensation in lieu thereof; (6) failure to provide reimbursement for necessary business expenditures; (7) failure to keep accurate employment records and wage statements;  (8) failure to pay all wages owed upon termination; (9) failure to make payroll records available, and (10) failure to make personnel records available.

7.      Defendants have refused to pay the wages due and owed to Plaintiff and other non-exempt employees employed by, or formerly employed by Defendants. As a result of these violations, Defendants have violated the Fair Labor Standards Act 29 U.S.C. § 216 and 216(b), as well as provisions of California labor laws, which in turn has resulted in additional violations entitling Plaintiff to prompt payment of wages and penalties, and entitling Plaintiff to seek civil penalties pursuant to PAGA, on behalf of the State of California.

## II.   **JURISDICTION AND VENUE**

8.      This Court has subject matter jurisdiction based on federal question jurisdiction pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, et seq.

9.      This Court has supplemental jurisdiction over the California state law claims under 28 U.S.C. § 1367, because these claims are so related to the federal claims that they form part of the same case and controversy under Article III of the U.S. Constitution.

10.      This Court is empowered to grant declaratory relief pursuant to 28 U.S.C. § 2201.

11.      Venue is proper in the Eastern District of California pursuant to 28 U.S.C. § 1391 because this District is the district in which Plaintiff and at least one of the Defendants reside and a district in which a substantial part of the events or omissions giving rise to the claims occurred.

12.      At all times relevant, Defendants conducted business through interstate commerce such that they are covered by the Fair Labor Standards Act.

INDIVIDUAL AND PAGA COMPLAINT                                    *Case No.:*

### III.  **PARTIES**

*Plaintiff*

13.     Plaintiff Edmond Trent Gilmore ("Gilmore") is an individual residing in California who was directly or jointly employed by Defendants as a master lapper and soft foreman in Ceres, California, in Stanislaus County. Plaintiff was employed by Defendants within all times relevant and was denied proper compensation for all hours worked, proper rest and meal breaks, and reimbursement for necessary business expenditures. Plaintiff Gilmore has suffered injury in fact and loss of property as a result of Defendants' conduct described in this Complaint, and is an aggrieved employee.

14.     Plaintiff and the employees whose rights Plaintiff seeks to enforce on behalf of the State of California, were regularly subjected to, or had personal knowledge of, the violations described in this Complaint.

*Defendants*

15.     The following allegations as to Defendants are made on information and belief, and are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery.

16.     At all times relevant, McMillan - Hendryx Incorporated (McMillan – Hendryx), a California corporation, conducted business in Stanislaus County.  It specializes in making and repairing mechanical seals, and making gaskets, pumps, valves, and other related products. At all times relevant, McMillan - Hendryx owned, controlled, or operated a business or establishment that employed persons, operated as a direct or joint employer of Plaintiff, and committed in California and in this District the acts and/or caused the violations complained of herein.

17.     Gary Hendryx, an individual, is, on information and belief, the Chief Executive Officer of McMillan - Hendryx. On information and belief, Defendant Gary Hendryx controls and has caused the violations at issue here either by making illegal policies, implementing illegal policies, or failing to correct illegal policies.  On information and belief, along with McMillan - Hendryx, Defendant Gary Hendryx caused all violations described herein.  Defendant Gary

3

INDIVIDUAL AND PAGA COMPLAINT                    *Case No.*:

Hendryx exercised ultimate control over policies involving compensation and hours and either (a) knowingly authorized the unlawful practices; or (b) with knowledge of unlawful practices did nothing to stop them, instead ratifying them.

18.     Justin Hendryx, an individual, is, on information and belief, the Secretary and Chief Financial Officer of McMillan - Hendryx. On information and belief, Defendant Justin Hendryx controls and has caused the violations at issue here either by making illegal policies, implementing illegal policies, or failing to correct illegal policies.  On information and belief, along with McMillan - Hendryx, Defendant Justin Hendryx caused all violations described herein. Defendant Justin Hendryx exercised ultimate control over policies involving compensation and hours and either (a) knowingly authorized the unlawful practices; or (b) with knowledge of unlawful practices did nothing to stop them, instead ratifying them.

19.     Deb C. Hall ("Hall"), an individual, is, on information and belief, the Controller and Bookeeper of McMillan - Hendryx. On information and belief, Defendant Hall controls and has caused the violations at issue here either by making illegal policies, implementing illegal policies, or failing to correct illegal policies.  On information and belief, along with McMillan - Hendryx, Defendant Hall caused violations described herein.  Defendant Hall exercised control over policies involving compensation and hours and either (a) knowingly authorized the unlawful practices; or (b) with knowledge of unlawful practices did nothing to stop them, instead ratifying them.

20.     Defendants are employers or joint employers of Plaintiff, are liable as employers under California Labor Code § 558.1, and/or are liable for penalties under PAGA as persons acting on behalf of the employer who caused violations under California Labor Code § 558(a).

21.     Plaintiff is informed and believes, and based thereon alleges, that each Defendant acted in all respects pertinent to this action as the agent of the other Defendants including Does, carried out a joint scheme, business plan, or policy in all respects pertinent hereto, and the acts of each Defendant are legally attributable to the other Defendants.  "Defendants" herein means each of the defendants as well as all of them.

INDIVIDUAL AND PAGA COMPLAINT                                    *Case No.:*

## IV.   **FACTUAL BACKGROUND**

22.     This is an individual action, a Collective action pursuant to FSLA, 29 U.S.C. §216(b), and a PAGA action on behalf of the State of California to vindicate the rights of current and former non-exempt employees employed by Defendants in California.  This action is brought on behalf of Plaintiff and a FLSA Collective comprising all nonexempt employees currently or formerly employed by Defendants.  The action seeks recovery for wages, compensation, and other relief due and owing to Plaintiff, FLSA Collective members, and the State of California, under federal and California laws for the maximum periods allowed to the present (the "FLSA Collective Period" and the "PAGA period"), all as set out below.

23.     The claims of this lawsuit spring from a pattern of employer misconduct and wrongdoing that has systematically deprived employees of lawfully earned wages.  Defendants engaged in the unlawful practices and policies alleged in this complaint.  The following paragraphs detail specific violations of law comprising the wage-related claims applicable to employees whose rights Plaintiff seeks to enforce on behalf of the State of California.

24.     For at least four years prior to the filing of this action and through to the present, Defendants and their subsidiaries, parents, or affiliate companies have maintained and enforced unlawful labor policies against employees that revolve around Defendants' hourly system of compensation, their meal and rest break practices, their practices around indemnification of expenditure by employees, and their record-keeping procedures.

25.     Defendants failed to compensate Plaintiff and other current or former employees for all "hours worked" (within the meaning of the Wage Orders) and failed to pay overtime premium wages for work performed. This includes, but is not limited to, regular hours worked that were not compensated at minimum or agreed upon rates, overtime hours worked that were either not compensated, or were compensated at rates lower than the applicable overtime premium wage rate and/or without properly calculating the regular rate of pay for purposes of paying overtime, "off-the-clock" work, and uncompensated or undercompensated work during statutory rest breaks.  By their conduct, Defendants have made clear that they are intentionally and maliciously subverting

INDIVIDUAL AND PAGA COMPLAINT                                   *Case No.:*

federal and California minimum and overtime wage requirements, resulting in loss of property to Plaintiff and other current or former employees as a result of Defendants' payroll policies.

26.     Under the meal period policies, Defendants failed to provide employees: (a) at least one (1) meal period prior to the fifth hour and/or two (2) meal periods for shifts greater than ten hours, (b) net thirty-minute meal periods, and/or (c) timely meal periods.  Further, Defendants' policy is to not pay the premium wages owed to workers for missed, incomplete and/or untimely meal periods. Specifically, Plaintiff, and on information and belief, other current or former employees, often had to take their meal periods late due to work demands. Often, their meal periods were interrupted when they were asked to perform work-related tasks, or have work-related conversations during their meal periods, while clocked out. They were not given extra time to finish their meal periods when these were interrupted, nor were they compensated for short or missed meal periods.

27.     Under the rest break policies, Defendants failed to provide employees: (a) at least two (2) rest breaks for shifts greater than six hours, and/or three (3) rest breaks for shifts greater than ten hours, and (b) net ten-minute rest breaks. Further, Defendants' policy is to not pay the premium wages owed to workers for missed, incomplete, and/or untimely rest breaks. Plaintiff and, on information and belief, other current or former employees, had scheduled rest periods of 15 minutes, but these were frequently interrupted, or missed entirely. Often, their rest periods were interrupted when they were asked to perform work-related tasks, or have work-related conversations during their rest periods.

28.     Under the record-keeping policies, Defendants willfully provided inaccurate itemized wage statements that do not reflect all "hours worked" and wages earned. Defendants also failed to maintain accurate time-keeping records.  Plaintiff's timekeeping and payroll records reveal that his hours worked worked were routinely rounded down, always or practically always, to the benefit of Defendants. Defendants also required Plaintiff to be on-call at all times during the summer months, in case Defendants needed him to work. He was required to never be more than 45 minutes away from his place of employment. Defendant Hall told Plaintiff that he had signed a

document saying that he would stay no more than 45 minutes from the employment premises at all times during the summer, and he believed that this was true, and that he was obligated to honor this agreement. Plaintiff was not compensated for this on-call time, and during the course of his employment, he was required to work on an emergency basis, off the clock, on various occasions.

29.     Defendants failed to reimburse employees for expenses that they were required to incur in order to discharge their employment duties, including but not limited to gas mileage and the use of a personal cellphone for work. Plaintiff frequently used his own car to drive to different locations for work, as directed by his employer. Company cars were often unavailable, and Plaintiff was rarely reimbursed for gas when he used his own car for work.

30.     On information and belief, Defendants were on notice of the improprieties alleged herein by their employees, and intentionally refused to rectify their unlawful policies.

31.     Defendants' failure to compensate non-exempt employees for all "hours worked," failure to authorize and permit requisite meal and rest periods and paid rest periods, failure to pay premium meal and rest period wages, failure to pay for all hours worked at the regular rate or required overtime premium rate, and failure to pay wages at termination, failure to reimburse employees for out-of-pocket expenses, in addition to the other violations alleged above, during all relevant times herein were intentional, willful, and deliberate.

32.     Plaintiff, on behalf of himself and the State of California, brings this action pursuant to California Labor Code §§ 201, 202, 203, 204, 210, 216, 218, 218.5, 218.6, 221, 226, 226.3, 226.7, 512, 558, 558.1, 1174, 1194, 1194.2, 1197, 1197.1, 1199, 2802, 2699 *et al.* and Business & Professions Code §§ 17200 *et seq.* seeking unpaid and underpaid wages, premium wages, statutory penalties, liquidated damages, declaratory, injunctive and other equitable relief, reasonable attorneys' fees and costs of suit, interest, injunctive relief, declaratory relief, restitution, and disgorgement of all profits or benefits retained by Defendants as a result of their failure to comply with the above laws.

33.     Plaintiff, on behalf of himself and all FLSA Collective Members, pursuant to FLSA, 29 U.S.C. §§ 201, *et seq.*, seeks declaratory relief, statutory damages, actual damages, interest, and

7

injunctive relief.

34.     On information and belief, Defendants were on notice of the improprieties alleged herein by their employees, Plaintiff, and the FLSA Collective, and intentionally refused to rectify their unlawful policies.

35.     Defendants' failure to compensate non-exempt employees for all "hours worked," failure to authorize and permit requisite meal and rest periods and paid rest periods, failure to pay premium meal and rest period wages, failure to pay for all hours worked at the regular rate or required overtime premium rate, and failure to pay wages at termination, failure to reimburse employees for out-of-pocket expenses, in addition to the other violations alleged above, during all relevant times herein was intentional, willful, and deliberate.

36.     Defendants have made it difficult to account with precision for the unlawfully withheld wages due to Defendants' non-exempt employees, including Plaintiff, during all relevant times herein, because they have not implemented an adequate record-keeping method to record all hours worked and wages earned by their employees as required for non-exempt employees by California Labor Code §§ 226 and 1174(d).

37.     Defendants have failed to comply with California Labor Code § 226(a) by failing to accurately report total hours worked by Plaintiff and other current and former employees.  Plaintiff and other current and former employees are therefore entitled to statutory penalties not to exceed $4,000 for each employee pursuant to Labor Code § 226(e).

**V.    FLSA COLLECTIVE ALLEGATIONS**

38.     Plaintiff brings this action on behalf of himself, and the following opt-in FLSA Collective:

> **MCMILLAN - HENDRYX FLSA COLLECTIVE:** All non-exempt
> persons who are or have been employed by Defendants in the State of
> California within three (3) years of the filing of this Complaint through the
> date of final disposition of this action.

INDIVIDUAL AND PAGA COMPLAINT                                    *Case No.:*

39.     Plaintiff may amend the above FLSA Collective definition as permitted or required by this court.

40.     On information and belief, several current and former employees were subjected to Defendants' illegal rounding practices, and required to work off the clock without compensation, which systematically deprived them of earned overtime wages to which they were entitled under federal law.

**A.** CLAIMS FOR RELIEF

**FIRST CLAIM FOR RELIEF**

**VIOLATION OF FLSA**

VIOLATION OF THE FAIR LABOR STANDARDS ACT

(29 U.S.C. §§ 207 AND 255(A))

**FAILURE TO PAY OVERTIME WAGES**

(PLAINTIFF AGAINST DEFENDANTS MCMILLAN – HENDRYX, GARY HENDRYX, AND JUSTIN HENDRYX)

41.     Plaintiff incorporates all preceding paragraphs as though fully set forth herein.

42.     At all relevant times herein, Plaintiff's employment was subject to the provisions of the Fair Labor Standards Act of 1938, as amended ("FLSA"), 29 U.S.C. § 201, *et seq.*

43.     Defendants are engaged in commerce or in the production of goods for commerce as defined by 29 U.S.C. § 203 (r) & (s) and related Department of Labor regulations.

44.     Defendants routinely required and/or suffered or permitted Plaintiff and similarly situated workers to work more than 40 hours per week, and through their practice of illegally rounding down hours worked, and suffering or permitting employees to work "off-the-clock" failed to pay the lawful amount of overtime premium for hours worked in excess of 40 hours per week.

45.     In failing to pay Plaintiff and similarly situated workers, overtime wages at one-and-one-half times their regular rate of pay, Defendants willfully violated the FLSA.

46.     As a direct and proximate result of Defendants' failure to pay proper wages under

INDIVIDUAL AND PAGA COMPLAINT                              *Case No.:*

the FLSA, Plaintiff and similarly situated workers incurred general damages in the form of lost overtime wages in an amount to be proven at trial.

47.     Defendants intentionally, with reckless disregard for their responsibilities under the FLSA, and without good cause, failed to pay Plaintiff and similarly situated workers their proper wages, and thus Defendants are liable to Plaintiff and similarly situated workers, for liquidated damages in an amount equal to their lost wages over a three-year statute of limitations plus tolling from other class actions pursuant to 29 U.S.C. §§ 216(b) & 255(a) of the FLSA.  Plaintiff, Opt-In Consenters and similarly situated workers, were required to retain legal assistance in order to bring this action and, as such, are entitled to an award of reasonable attorney's fees pursuant to the FLSA. As a result, Defendants are liable for all legally available remedies including those aforementioned in this complaint.

48.     Wherefore, Plaintiff requests relief as described herein and below.

## SECOND CLAIM FOR RELIEF

### FAILURE TO PAY FOR ALL HOURS WORKED AT CONTRACTUAL RATES

#### (CAL. LABOR CODE §§ 204, 218.5, 223, 1194, AND WAGE ORDERS)

(PLAINTIFF AGAINST DEFENDANTS MCMILLAN – HENDRYX, GARY HENDRYX, AND JUSTIN HENDRYX)

49.     Plaintiff incorporates all preceding paragraphs as if fully set forth herein.

50.      California Labor Code section 223 requires an employer to pay an employee the wage designated by contract, and California law requires payment of all wages due for "all hours worked."

51.     Pursuant to California Labor Code section 223, it is unlawful to secretly pay a lower wage while purporting to pay the wage designated by statute or by contract.

52.     Plaintiff was entitled to wages at rates designated by contract and statute that exceed the California minimum wage.

53.     Defendants have breached their agreement and refused to compensate Plaintiff at

INDIVIDUAL AND PAGA COMPLAINT                                    *Case No.:*

the required wage rates, in violation of the California Labor Code and applicable Wage Orders, including section 223 of the California Labor Code.  By failing to pay wages at the required rate on at least a weekly basis, Defendants have also violated Labor Code section 204 by failing to pay all earned wages in a timely manner.

54.    Plaintiff brings this cause of action under Labor Code section 218.5, authorizing a private right of action for the nonpayment of wages.

55.    Defendants have the ability to pay wages at the required rates for all "hours worked," but have willfully refused to pay such wages with the intent to secure a discount upon their indebtedness to Plaintiff, as well as to annoy, harass, oppress, hinder, delay or defraud Plaintiff. Defendants have secretly paid Plaintiff a lower wage while purporting to pay the wage designated by statute, in violation of Labor Code § 223. Defendants are therefore guilty of a misdemeanor, pursuant to Labor Code § 225, and are liable for penalties pursuant to Labor Code § 225.5.

56.    Under Labor Code § 558.1, any natural person who is an owner, director, officer, or managing agent of an employer, acting on behalf of the employer, who violates or causes to be violated any provision regulating minimum wages or hours and days of work in any order of the Industrial Welfare Commission, or violates, or causes to be violated, Labor Code §§ 203, 226, 226.7, 1193.6, 1194, or 2802, may be held liable as the employer for such violation. Therefore, Defendants Gary Hendryx and Justin Hendryx are liable for the violations herein alleged.

57.    Wherefore, Plaintiff requests relief as described herein and below.

### THIRD CLAIM FOR RELIEF
**FAILURE TO PAY MINIMUM WAGES**
(CAL. LABOR CODE §§1194, 1194.2, 510, 1197, AND WAGE ORDERS)
(PLAINTIFF AGAINST DEFENDANTS MCMILLAN – HENDRYX, GARY HENDRYX, AND JUSTIN HENDRYX)

58.    Plaintiff incorporates all preceding paragraphs as though fully set forth herein.

INDIVIDUAL AND PAGA COMPLAINT                                    *Case No.:*

59.     California Labor Code §1197, entitled "Pay of Less Than Minimum Wage," states:

> The minimum wage for employees fixed by the commission is the minimum wage to be paid to employees, and the payment of a less wage than the minimum so fixed is unlawful.

60.     The applicable minimum wages fixed by the commission for work is $9.00 effective July 1, 2014, $10.00 effective January 1, 2016, $10.50 effective January 1, 2017, $11.00 effective January 1, 2018, and $12.00 effective January 1, 2019. Defendants failed to pay Plaintiff for all "hours worked" at the minimum or written agreed upon wage rate.  For example, Defendants maintained a pay policy whereby Plaintiff was required or knowingly permitted to perform numerous work activities that were uncompensated.

61.     At all relevant times, Plaintiff was subject to Defendants' control during time that was uncompensated. In particular, time records were either not recorded correctly, altered to eliminate worked time from timekeeping, or rounded down, so as to avoid paying for all hours worked.

62.     As a result of Defendants' violations of the minimum wage, by failing to record and pay minimum wage for all hours worked, Defendants violated California Labor Code § 226(a), inaccurately stating gross wages earned, total hours work, deductions, net wages and other issues as described above.

63.     Defendants have the ability to pay minimum wages for all time worked but have willfully refused to pay such wages, intending to secure instead a discount upon their indebtedness to Plaintiff for all hours worked, and intending to annoy harass, oppress, hinder delay or defraud Plaintiff, in violation of California Labor Code § 226.6.

64.     California Labor Code § 226.6 states:

> Any employer who knowingly and intentionally violates the provisions of Section 226 or 226.2, or any officer, agent, employee, fiduciary, or other person who has the control, receipt, custody, or disposal of, or pays, the wages due any employee, and who knowingly and intentionally participates or aids in the violation of any provision of Section 226 or 226.2 is guilty of a misdemeanor and, upon conviction thereof, shall be fined not more than one thousand dollars ($1,000) or be imprisoned not to exceed one year, or both, at the discretion of the court.  That fine or imprisonment, or both, shall be in addition to any other penalty provided by law.

12

65.     Defendants' violation of § 226 also constitutes a misdemeanor, pursuant to §226.6, and a predicate violation of California Business & Profession Code §§ 17200 *et seq.*

66.     The Minimum Wage provisions of California Labor Code are enforceable by private civil action pursuant to California Labor Code § 1194(a), which states:

> Notwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorney's fees and costs of suit.

67.     As such, Plaintiff may bring this action for minimum wages, interest, costs of suit and attorney's fees pursuant to California Labor Code § 1194(a).

68.     As described in California Labor Code § 1194.2, any such action incorporates the applicable wage order of the California Labor Commission.  California Labor Code § 1194.2 states:

> In any action under Section 1194 … to recover wages because of the payment of a wage less than the minimum wages fixed by an order of the commission, an employee shall be entitled to recover liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon.

69.     As described herein, this is an action under California Labor Code § 1194 to recover wages on account of Defendants' failure to pay minimum wages as described in California Labor Code §§ 1197, 1194(a), 1194.2 and any applicable wage orders, including Wage Orders. Therefore, Plaintiff is also entitled to recover liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon.

70.     Under Labor Code § 558.1, any natural person who is an owner, director, officer, or managing agent of an employer, acting on behalf of the employer, who violates or causes to be violated any provision regulating minimum wages or hours and days of work in any order of the Industrial Welfare Commission, or violates, or causes to be violated, Labor Code §§ 203, 226, 226.7, 1193.6, 1194, or 2802, may be held liable as the employer for such violation. Therefore,

13

Defendants Gary Hendryx and Justin Hendryx are liable for the violations herein alleged.

71.     Wherefore, Plaintiff requests relief as described herein and below.

### FOURTH CLAIM FOR RELIEF

**FAILURE TO PAY OVERTIME PREMIUM WAGES**

(CAL. LABOR CODE §§510, 1194, 1194.2, AND WAGE ORDERS)

(PLAINTIFF AGAINST DEFENDANTS MCMILLAN – HENDRYX, GARY HENDRYX, AND

JUSTIN HENDRYX)

72.     Plaintiff incorporates all preceding paragraphs as though fully set forth herein.

73.     California Labor Code § 510 states:

> Eight hours of labor constitutes a day's work.  Any work in excess of eight hours in
> one workday and any work in excess of 40 hours in any one work week and the first
> eight hours worked on the seventh day of work in any one workweek shall be
> compensated at the rate of no less than one and one-half times the regular rate of pay
> for an employee.  Any work in excess of 12 hours in one day shall be compensated at
> the rate of no less than twice the regular rate of pay for an employee.  In addition, any
> work in excess of eight hours on any seventh day of a workweek shall be compensated
> at the rate of no less than twice the regular rate of pay of an employee.

74.     The identical provision is found in the applicable IWC Wage Orders, which are
authorized under California Labor Code § 1185.

75.     California Labor Code § 500 defines, "workday" and "day" to mean any
consecutive 24-hour period commencing at the same time each calendar day, and defines
"workweek" and "week" to mean "any seven consecutive days starting with the same calendar day
each week."

76.     Defendants failed to follow California's formula for computing the regular rate of
pay for purposes of calculating overtime and doubletime.  Defendants also refused to pay for all
hours worked and failed to compensate at the agreed upon and statutory rates, rendering
Defendants' overtime computations unlawful.

77.     Plaintiff is entitled to wages at the applicable premium rate as a result of
Defendants' practice of not compensating them at the required premium rate, as well as for failing

14

1    to compensate them for all "hours worked."

2       78.     As described herein, this is an action under California Labor Code §1194 to recover

3    wages on account of Defendants' failure to pay overtime wages as described in California Labor

4    Code §§ 510, 1194(a), 1194.2 and any applicable Wage Orders.  Therefore, Plaintiff is also entitled

5    to recover liquidated damages in an amount equal to the wages unlawfully unpaid and interest

6    thereon, plus reasonable attorneys' fees and costs of suit.

7       79.     Under Labor Code § 558.1, any natural person who is an owner, director, officer, or

8    managing agent of an employer, acting on behalf of the employer, who violates or causes to be

9    violated any provision regulating minimum wages or hours and days of work in any order of the

10   Industrial Welfare Commission, or violates, or causes to be violated, Labor Code §§ 203, 226,

11   226.7, 1193.6, 1194, or 2802, may be held liable as the employer for such violation. Therefore,

     Defendants Gary Hendryx and Justin Hendryx are liable for the violations herein alleged.

12      80.     Wherefore, Plaintiff requests relief as described herein and below.

13                               **FIFTH CLAIM FOR RELIEF**

14   **FAILURE TO PROVIDE MEAL PERIODS OR COMPENSATION IN LIEU THEREOF**

15                   (CAL. LABOR CODE §§226.7, 512, AND WAGE ORDERS)

16   (PLAINTIFF AGAINST DEFENDANTS MCMILLAN – HENDRYX, GARY HENDRYX, AND

17                                JUSTIN HENDRYX)

18

19      81.     Plaintiff incorporates all preceding paragraphs as though fully set forth herein.

20      82.     Plaintiff alleges that he and other current or former employees were not provided

     timely, full statutory thirty (30) minute meal periods while in the employ of Defendants.

21      83.     California Labor Code § 226.7 states:

22   (a) No employer shall require any employee to work during any meal or rest period
23   mandated by an applicable order of the Industrial Welfare Commission.

24   (b) If an employer fails to provide an employee a meal period or rest period in
     accordance with an applicable order of the Industrial Welfare Commission, the
25   employer shall pay the employee one additional hour of pay at the employee's regular
     rate of compensation for each work day that the meal or rest period is not provided.

26

                                        15

84.     Similar wording is found in the applicable Wage Orders.

85.     Employees are entitled to at least one meal period for shifts between 5 and 10 hours, and two meal periods for shifts greater than 10 hours. For normal shifts the first meal period must occur before the fifth (5th) hour, and the second meal period before the tenth (10th) hour, unless other factors render such schedule impracticable.

86.     Defendants violated the applicable Wage Order and California Labor Code § 226.7 by failing to authorize and permit the appropriate number of meal periods, failing to schedule meal periods timely, failing to authorize and permit net thirty (30) minute meal periods, and failing to pay additional meal period wages. On information and belief, it was not impracticable for Defendants to schedule meal periods appropriately.

87.     Plaintiff worked more than five hours from the start of the shift without a duty-free meal period of no less than 30 minutes.  He was frequently required to work during meal periods, and was not given additional time in order to complete his 30-minute meal periods.

88.     On information and belief, Plaintiff did not voluntarily or willfully waive meal periods.  Any express or implied waivers obtained from Plaintiff was not willfully obtained, was not voluntarily agreed to, was a condition of employment, or was part of a contract of an unlawful adhesion.

89.     By failing to keep adequate time records required by §§ 226(a) and 1174(d) of the California Labor Code, Defendants have injured Plaintiff and made it difficult to calculate the unpaid meal period compensation due Plaintiff.

90.     As a result of the unlawful acts of Defendants, Plaintiff has been deprived of premium wages in amounts to be determined at trial, and are entitled to recovery of such amounts, plus interest and penalties thereon, attorneys' fees, and costs, under Labor Code §§ 203, 226, 226.7, and 1194.

91.     Under Labor Code § 558.1, any natural person who is an owner, director, officer, or managing agent of an employer, acting on behalf of the employer, who violates or causes to be violated any provision regulating minimum wages or hours and days of work in any order of the

16

Industrial Welfare Commission, or violates, or causes to be violated, Labor Code §§ 203, 226, 226.7, 1193.6, 1194, or 2802, may be held liable as the employer for such violation. Therefore, Defendants Gary Hendryx and Justin Hendryx are liable for the violations herein alleged.

92.     Wherefore, Plaintiff requests relief as described herein and below.

## SIXTH CLAIM FOR RELIEF

### FAILURE TO PROVIDE PROPER TIMELY PAID REST PERIODS OR COMPENSATION IN LIEU THEREOF

### (CAL. LABOR CODE §§226.7, 512, AND WAGE ORDERS)

(PLAINTIFF AGAINST ALL DEFENDANTS MCMILLAN – HENDRYX, GARY HENDRYX, AND JUSTIN HENDRYX)

93.     Plaintiff incorporates all preceding paragraphs as though fully set forth herein.

94.     Plaintiff alleges that he and other current or former employees were not provided full statutory ten-minute rest periods while in the employ of Defendants.

95.     California Labor Code § 226.7 states:

(a) No employer shall require any employee to work during any meal or rest period mandated by an applicable order of the Industrial Welfare Commission.

(b) If an employer fails to provide an employee a meal period or rest period in accordance with an applicable order of the Industrial Welfare Commission, the employer shall pay the employee one additional hour of pay at the employee's regular rate of compensation for each work day that the meal or rest period is not provided.

96.     The applicable IWC Wage Orders state in regard to rest breaks:

(A)   Every employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period. The authorized rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof. However, a rest period need not be authorized for employees whose total daily work time is less than three and one-half (3 1/2) hours.   Authorized rest period time shall be counted as hours worked for which there shall be no deduction from wages.

17

(B)   If an employer fails to provide an employee a rest period in accordance with the applicable provisions of this Order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the rest period is not provided.

A similar provision is contained in Labor Code § 512.

97.     Employees are entitled to at least one rest break for shifts from 3.5 to 6 hours, two rest breaks for shifts greater than 6 hours up to 10 hours, and three rest breaks for shifts greater than 10 hours. For normal shifts the first rest break must occur before the meal break and the second rest break after the meal break, unless other factors render such schedule impracticable.

98.     Defendants violated the applicable Wage Orders and California Labor Code § 226.7 by failing to authorize and permit the appropriate number of rest breaks, failing to provide net ten minute rest breaks, failing to schedule rest breaks timely, failing to authorize and permit paid rest breaks and failing to pay additional rest break wages, and discouraging and preventing employees from taking rest breaks.

99.     On information and belief, it was not impracticable for Defendants to schedule rest breaks appropriately.

100.     On information and belief, Plaintiff did not voluntarily or willfully waive rest periods.  Any express or implied waivers obtained from Plaintiff was not willfully obtained, was not voluntarily agreed to, was a condition of employment, or was part of a contract of an unlawful adhesion.

101.     On information and belief, during the meal and rest period liability period, Defendants did not permit or authorize Plaintiff to take proper timely paid rest periods.

102.     By failing to keep adequate time records required by §§ 226(a) and 1174(d) of the Labor Code, Defendants have injured Plaintiff and made it difficult to calculate the unpaid rest period compensation due Plaintiff.

103.     As a result of the unlawful acts of Defendants, Plaintiff has been deprived of premium wages in amounts to be determined at trial, and are entitled to recovery of such amounts, plus interest and penalties thereon, attorneys' fees, and costs, under Labor Code §§ 203, 226,

18

226.7, and 1194.

104.    Under Labor Code § 558.1, any natural person who is an owner, director, officer, or managing agent of an employer, acting on behalf of the employer, who violates or causes to be violated any provision regulating minimum wages or hours and days of work in any order of the Industrial Welfare Commission, or violates, or causes to be violated, Labor Code §§ 203, 226, 226.7, 1193.6, 1194, or 2802, may be held liable as the employer for such violation. Therefore, Defendants Gary Hendryx and Justin Hendryx are liable for the violations herein alleged.

105.    Wherefore, Plaintiff requests relief as described herein and below.

## SEVENTH CLAIM FOR RELIEF

### FAILURE TO REIMBURSE ALL BUSINESS EXPENSES;

### (CAL. LABOR CODE §2802)

(PLAINTIFF AGAINST DEFENDANTS MCMILLAN – HENDRYX, GARY HENDRYX, AND JUSTIN HENDRYX)

106.    Plaintiff incorporates all preceding paragraphs as though fully set forth herein.

107.    California Labor Code § 2802 provides, in pertinent part:

> "[a]n employer shall indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties, or of his or her obedience to the directions of the employer, even though unlawful. [. . .] For purposes of this section, the term 'necessary expenditures or losses' shall include all reasonable costs, including, but not limited to, attorney's fees incurred by the employee enforcing the rights granted by this section."

108.    Defendants failed to provide to Plaintiff with all supplies that were necessary to perform their duties as directed by Defendants and further failed to indemnify Plaintiff for all necessary expenditures and losses incurred by Plaintiff for the benefit of Defendants and to their detriment. As a result, Plaintiff was required to purchase gasoline when driving his own car for work, and use his own cellular phone for work.  Defendants did not reimburse Plaintiff for said expenses.

109.    By requiring Plaintiff to incur business expenses in direct consequence of the

19

discharge of their duties for Defendants and/or in obedience to Defendants' direction without fully reimbursing or indemnifying him for these expenses, Defendants have violated Labor Code § 2802.

110.    As a direct and proximate result of Defendants' unlawful practices and policies, Plaintiff has suffered monetary losses, and is entitled to restitution of all expenses incurred in the performance of their work duties, interest thereon, reasonable attorneys' fees and costs, and all applicable statutory penalties available for the Defendants' violations of Labor Code § 2802.

111.    Defendants and their managers have willfully failed to reimburse Plaintiff for all business expenses.  Plaintiff is entitled to reimbursement of such expenses pursuant to Section 2802, interest, attorneys fees, and costs.

112.    Under Labor Code § 558.1, any natural person who is an owner, director, officer, or managing agent of an employer, acting on behalf of the employer, who violates or causes to be violated any provision regulating minimum wages or hours and days of work in any order of the Industrial Welfare Commission, or violates, or causes to be violated, Labor Code §§ 203, 226, 226.7, 1193.6, 1194, or 2802, may be held liable as the employer for such violation. Therefore, Defendants Gary Hendryx and Justin Hendryx are liable for the violations herein alleged.

113.    Plaintiff requests reimbursement and/or indemnification for his required business expenses as stated herein, and other relief as described below.

## EIGHTH CLAIM FOR RELIEF
### KNOWING AND INTENTIONAL FAILURE TO COMPLY
### WITH ITEMIZED EMPLOYEE WAGE STATEMENT PROVISIONS
### (CAL. LABOR CODE §§226(B), 1174, 1175)

(PLAINTIFF AGAINST DEFENDANTS MCMILLAN – HENDRYX, GARY HENDRYX, AND JUSTIN HENDRYX)

114.    Plaintiff incorporates all preceding paragraphs as though fully set forth herein.

115.    California Labor Code Section 226(a) states:

INDIVIDUAL AND PAGA COMPLAINT                              *Case No.:*

> Every employer shall, semimonthly or at the time of each payment of wages, furnish each of his or her employees, either as a detachable part of the check, draft, or voucher paying the employee's wages, or separately when wages are paid by personal check or cash, an accurate itemized statement in writing showing
>
> (1) gross wages earned, (2) total hours worked by the employee, . . . (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis . . .(5) net wages earned, . . .

116.    Plaintiff was not provided "accurate itemized statements" within the meaning of California Labor Code § 226, because of the violations described in this complaint.  For example, the wage statements provided by Defendants falsely understated the wages earned due to the failure to pay at the correct rates of pay and the failure to pay for all hours worked, and for rest and meal period premiums; falsely stated the total hours worked due to Defendants' failure to maintain accurate time records; and falsely stated the applicable hourly rates, due to the failure to compensate at the applicable rates and to track all hours worked.

117.    California Labor Code §§ 226(e) and (g) provide for the remedy for the violations described above:

> (e) An employee suffering injury as a result of a knowing and intentional failure by an employer to comply with subdivision (a) is entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not exceeding an aggregate penalty of four thousand dollars ($4,000), and is entitled to an award of costs and reasonable attorney's fees.
>
> (g) An employee may also bring an action for injunctive relief to ensure compliance with this section, and is entitled to an award of costs and reasonable attorney's fees.

118.    In addition, Section 1174(d) of the California Labor Code, and Section 7 of the applicable Wage Orders, require Defendants to maintain and preserve, in a centralized location, among other items, records showing the names and addresses of all employees employed, payroll records showing the hours worked daily by and the wages paid to its employees.  Defendants have created a uniform practice of knowingly and intentionally failing to fully comply with Labor Code § 1174.  Defendants', and each of their, failure to comply with Labor Code § 1174 is unlawful pursuant to Labor Code § 1175.  When an employer fails to keep such records, employees may

establish the hours worked solely by their testimony and the burden of overcoming such testimony shifts to the employer. *Hernandez v. Mendoza* (1988) 199 Cal.App.3d 721.

119.     By failing to keep adequate time records required by sections 226 and 1174 (d) of the Labor Code, Defendants have injured Plaintiff and made it difficult to calculate the unpaid rest and meal period compensation due Plaintiff. Therefore, Plaintiff is entitled up to $4,000.00 as a penalty for this violation.

120.     Under Labor Code § 558.1, any natural person who is an owner, director, officer, or managing agent of an employer, acting on behalf of the employer, who violates or causes to be violated any provision regulating minimum wages or hours and days of work in any order of the Industrial Welfare Commission, or violates, or causes to be violated, Labor Code §§ 203, 226, 226.7, 1193.6, 1194, or 2802, may be held liable as the employer for such violation. Therefore, Defendants Gary Hendryx and Justin Hendryx are liable for the violations herein alleged.

121.     Wherefore, Plaintiff requests relief as described herein and below.

## NINTH CLAIM FOR RELIEF

### FAILURE TO TIMELY PAY WAGES DUE AT TERMINATION

#### (CAL. LABOR CODE §§201, 202, 203)

(PLAINTIFF AGAINST DEFENDANTS MCMILLAN – HENDRYX, GARY HENDRYX, AND JUSTIN HENDRYX)

122.     Plaintiff incorporates all preceding paragraphs as though fully set forth herein.

123.     California Labor Code Section 201 states:

> (a) If an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately…

124.     California Labor Code Section 202(a) states:

> If an employee not having a written contract for a definite period quits his or her employment, his or her wages shall become due and payable not later than 72 hours thereafter, unless the employee has given 72 hours previous notice of his or her intention to quit, in which case the employee is entitled to his or her wages at the time of quitting. . . .

22

125.     As described above, Defendants failed to timely pay Plaintiff all of their wages due for work performed and this failure continued through the time in which Plaintiff quit or was discharged from his employment with Defendants.  As a result, Defendants have violated California Labor Codes §§ 201 and 202.

126.     California Labor Code § 203 states:

> If an employer willfully fails to pay, without abatement or reduction, in accordance with Sections 201, 201.5, 202, and 205.5, any wages of an employee who is discharged or who quits, the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action therefor is commenced; but the wages shall not continue for more than 30 days.  An employee who secretes or absents himself or herself to avoid payment to him or her, or who refuses to receive the payment when fully tendered to him or her, including any penalty then accrued under this section, is not entitled to any benefit under this section for the time during which he or she so avoids payment.

> Suit may be filed for these penalties at any time before the expiration of the statute of limitations on an action for the wages from which the penalties arise.

127.     The statute of limitations for an action for the wages at issue is four years pursuant to California Business and Professions Code § 17200.  Defendants violated California Labor Code §§ 201 and 202 by failing to pay employees who quit or were discharged all of the wages due pursuant to the timelines provided in those sections.

128.     Defendants willfully failed to pay all wages due as the failure to pay was not inadvertent or accidental.  As a result, Plaintiff is entitled to thirty (30) days' wages including overtime.

129.     Plaintiff is entitled to compensation for all forms of wages earned, including, but not limited to, compensation for unprovided rest periods and unprovided meal periods, and compensation for work done "off the clock" and/or at hourly rates below the minimum wage, and other owed wages but to date have not received such compensation therefore entitling him to Labor Code § 203 penalties.

130.     More than thirty (30) days have passed since Plaintiff left Defendants' employ, and Plaintiff has not received payment pursuant to Labor Code § 203.

131.    As a consequence of Defendants' willful conduct in not paying all earned wages, Plaintiff is entitled to thirty (30) days' wages as a penalty under Labor Code § 203 for failure to pay legal wages, together with interest thereon and attorneys' fees and costs.

132.    Under Labor Code § 558.1, any natural person who is an owner, director, officer, or managing agent of an employer, acting on behalf of the employer, who violates or causes to be violated any provision regulating minimum wages or hours and days of work in any order of the Industrial Welfare Commission, or violates, or causes to be violated, Labor Code §§ 203, 226, 226.7, 1193.6, 1194, or 2802, may be held liable as the employer for such violation. Therefore, Defendants Gary Hendryx and Justin Hendryx are liable for the violations herein alleged.

133.    Wherefore, Plaintiff requests relief as described herein and below.

**<u>TENTH CLAIM FOR RELIEF</u>**

**VIOLATION OF UNFAIR COMPETITION LAW**
<u>(CAL. BUS. & PROF. CODE §§17200 *ET SEQ.*)</u>
(PLAINTIFF AGAINST DEFENDANT MCMILLAN – HENDRYX)

134.    Plaintiff incorporates all preceding paragraphs as though fully set forth herein.

135.    As described above, Defendant has violated the following California laws and all others referred to implicitly or expressly in this complaint:

    a.  California Labor Code § 201 (relating to the failure to pay wages upon discharge);

    b.  California Labor Code § 202 (relating to the failure to pay wages upon quitting);

    c.  California Labor Code § 203 (relating to the failure to pay wages upon termination of employment);

    d.  California Labor Code § 205.5 (relating to the failure to pay all wages owing twice during each calendar month);

    e.  California Labor Code § 206 (relating to the failure to pay uncontested wages);

    f.  California Labor Code § 226 (relating to providing correct wage statements and

INDIVIDUAL AND PAGA COMPLAINT        *Case No.:*

keeping correct records);

g.   California Labor Code § 226.7 (relating to proper compliance with rest and meal period requirements and the failure to pay premium wages when the rest and meal break requirements are not met);

h.   California Labor Code § 510 (relating to the failure to compensate at the regular rate "all hours worked," and at the rate of no less than one and one-half times the regular rate of pay for all work in excess of ten hours in one workday and any work in excess of 60 hours in any workweek);

i.   California Labor Code § 1194 (relating to failure to pay minimum and/or overtime wages for all hours worked);

j.   California Labor Code § 1194.2 (relating to liquidated damages for failure to pay minimum wages for all hour worked);

k.   California Labor Code § 1197 (relating to failure to pay at least the minimum wage for all hours worked);

l.   California Labor Code § 2802 (relating to failure to reimburse and indemnify workers for out-of-pocket expenses); and

136.   Defendants' activities also constitute unfair business practices in violation of California Business & Professions Code §§ 17200 *et seq*., because Defendants' practices violate the above noted laws, and/or violate an established public policy and/or the practice is immoral, unethical, oppressive, unscrupulous and substantially injurious to Plaintiff and the public.

137.   Plaintiff is entitled to injunctive and other equitable relief against such unlawful practices in order to prevent future damage, for which there is no adequate remedy at law, and to avoid a multiplicity of lawsuits.

138.   As a result of their unlawful acts, Defendants have reaped and continue to reap unfair benefits and unlawful profits at the expense of Plaintiff.  Defendants should be enjoined from this activity and made to disgorge these ill-gotten gains and restore to Plaintiff the wrongfully withheld wages pursuant to Business and Professions Code § 17203.

139.   Plaintiff is informed and believes, and thereon alleges, that Defendants are unjustly enriched through their requiring employees to suffer Defendants' failure to pay legal wages, and/or other compensation for untimely and/or incomplete meal periods, and compensation for unprovided, untimely, and/or unpaid rest periods to Plaintiff.  Plaintiff is informed and believes, and thereon alleges, that Plaintiff is prejudiced by Defendants' unfair trade practices.

140.   As a direct and proximate result of the unfair business practices of Defendants, and each of them, Plaintiff is entitled to equitable and injunctive relief, including full restitution and/or disgorgement of all wages which have been unlawfully withheld from Plaintiff as a result of the business acts and practices described herein and enjoining Defendants to cease and desist from engaging in the practices described herein.

141.   Plaintiff is informed and believes, and thereon alleges, that Defendants have been and continue to be unjustly enriched through false, fraudulent, unlawful, unfair, and deceptive business practices as alleged throughout this Complaint. Plaintiff is and has been prejudiced by Defendants' unfair trade practices.

142.   Wherefore, Plaintiff requests relief as described herein and below.

## ELEVENTH CLAIM FOR RELIEF

### FAILURE TO MAKE PAYROLL RECORDS AVAILABLE

#### (CAL. LABOR CODE §§ 226(f) and 226(h))

(PLAINTIFF AGAINST DEFENDANTS MCMILLAN – HENDRYX, GARY HENDRYX, AND JUSTIN HENDRYX)

143.   Plaintiff incorporates all preceding paragraphs as though fully set forth herein.

144.   California Labor Code Section 226(b) states:

An employer that is required by this code or any regulation adopted pursuant to this code to keep the information required by subdivision (a) shall afford current and former employees the right to inspect or copy the records pertaining to that current or former employee, upon reasonable request to the employer.  The employer may take reasonable steps to assure the identity of a current or former employee.  If the

26

employer provides copies of the records, the actual cost of reproduction may be charged to the current or former employee.

145.    California Labor Code Section 226(c) states:

An employer who receives a written or oral request to inspect or copy records pursuant to subdivision (b) pertaining to a current to or former employee shall comply with the request as soon as practicable, but no later than 21 calendar days from the date of the request.  A violation of this subdivision is an infraction.  Impossibility of performance, not caused by a result of a violation of law, shall be an affirmative defense for an employer in any action alleging a violation of this subdivision.

146.    On or about December 6, 2019, Defendants were sent by U.S First-Class mail, a written request to inspect and receive a copy of payroll records pursuant to California Labor Code § 226(b) for Plaintiff.  Defendants denied Plaintiff's right to inspect and receive a copy of payroll records pursuant to California Labor Code §226(b).

147.    More than 21 calendar days lapsed after Plaintiff's written and request for records per California Labor Code § 226, but Plaintiff was not provided with copies of the requested records, nor an opportunity to copy them himself without paying an unreasonable fee of $250, which Defendant Hall expressed was necessary in order to have a staff member present to supervise the copying of these documents. It was only several days after the 21-day deadline that Defendant MCMILLAN HENDRYX allowed Plaintiff's counsel access to his payroll records for copying, without charging more than the actual cost of reproducing such documents.

148.    California Labor Code 226(f) and (g) provides for the remedy for the violations described in above:

(f) A failure by an employer to permit a current or former employee to inspect or copy records within the time set forth in subdivision (c) entitles the current or former employee or the Labor Commissioner to recover a seven-hundred-fifty-dollar ($750) penalty from the employer.

(g) An employee may also bring an action for injunctive relief to ensure compliance with this section, and is entitled to an award of costs and reasonable attorney's fees.

149.    Under Labor Code § 558.1, any natural person who is an owner, director, officer, or managing agent of an employer, acting on behalf of the employer, who violates or causes to be

INDIVIDUAL AND PAGA COMPLAINT                                   *Case No.:*

violated any provision regulating minimum wages or hours and days of work in any order of the

Industrial Welfare Commission, or violates, or causes to be violated, Labor Code §§ 203, 226,

226.7, 1193.6, 1194, or 2802, may be held liable as the employer for such violation. Therefore,

Defendants Gary Hendryx and Justin Hendryx are liable for the violations herein alleged.

Wherefore, Plaintiff requests relief as described herein and below

## TWELFTH CAUSE OF ACTION

### FAILURE TO MAKE PERSONNEL RECORDS AVAILABLE

(Cal. Lab. Code §§ 1198.5(k) and 1198.5(l))

(PLAINTIFF AGAINST DEFENDANT MCMILLAN – HENDRYX)

150.     Plaintiff incorporates all preceding paragraphs as though fully set forth herein.

151.     California Labor Code Section 1198.5(a) states:

Every current and former employee, or his or her representative, has the right to inspect and receive a copy of the personnel records that the employer maintains relating to the employee's performance or to any grievance concerning the employee.

152.     California Labor Code Section 226(b)(1) states, in pertinent part:

The employer shall make the contents of those personnel records available for inspection to the current or former employee, or his or her representative, at reasonable intervals and at reasonable times, but not later than 30 calendar days from the date the employer receives a written request, unless the current or former employee, or his or her representative, and the employer agree in writing to a date beyond 30 calendar days to inspect the records, and the agreed-upon date does not exceed 35 calendar days from the employer's receipt of the written request. Upon a written request from a current or former employee, or his or her representative, the employer shall also provide a copy of the personnel records, at a charge not to exceed the actual cost of reproduction, not later than 30 calendar days from the date the employer receives the request[…]

153.     On or about December 6, 2019, Defendants were sent by U.S First-Class mail, a

written request to inspect and receive a copy of personnel records pursuant to California Labor

Code § 1198.5(b) for Plaintiff.  Defendants denied Plaintiff's right to inspect and receive a copy of

INDIVIDUAL AND PAGA COMPLAINT                                    *Case No.:*

personnel records pursuant to California Labor Code § 1198.5(b).

154.     More than 30 calendar days lapsed after Plaintiff's written and request for records per California Labor Code § 1198.5(b), but Plaintiff was not provided with copies of the requested records, nor an opportunity to copy them himself without paying an unreasonable fee of $250, which Defendant Hall expressed was necessary in order to have a staff member present to supervise the copying of these documents. It was only after the 30-day deadline had passed that Defendant MCMILLAN HENDRYX allowed Plaintiff's counsel access to his payroll records for copying, without charging more than the actual cost of reproducing such documents.

155.     California Labor Code Section 1198.5(k) states:

> If an employer fails to permit a current or former employee, or his or her representative, to inspect or copy personnel records within the times specified in this section, or times agreed to by mutual agreement as provided in this section, the current or former employee or the Labor Commissioner may recover a penalty of seven hundred fifty dollars ($750) from the employer.

156.     California Labor Code Section 1198.5(l) states

> A current or former employee may also bring an action for injunctive relief to obtain compliance with this section, and may recover costs and reasonable attorney's fees in such an action.

Wherefore, Plaintiff requests relief as described herein and below

### THIRTEENTH CLAIM FOR RELIEF

### VIOLATIONS OF THE PRIVATE ATTORNEY GENERAL ACT OF 2004 ("PAGA")

(CAL. LABOR CODE §§ 2698, *ET SEQ*.)

(PLAINTIFF AGAINST ALL DEFENDANTS)

157.     Plaintiff incorporates all preceding paragraphs as though fully set forth herein.

158.     Plaintiff brings this claim for himself and other current and former employees, as expressly authorized by Labor Code §§ 2699 et seq. PAGA is an enforcement action that empowers an aggrieved employee to seek penalties on behalf of themselves, current and former

29

INDIVIDUAL AND PAGA COMPLAINT                                    *Case No.:*

employees and the State, without the need to certify a class. For purposes of this claim only, therefore, Plaintiff brings this claim for himself and other current and former employees and need not comply with Class Action Certification.

159.    Plaintiff is an aggrieved employee as defined in Labor Code § 2699(a). Plaintiff brings this cause on behalf of themselves and other current or former aggrieved employees affected by the labor law violations alleged in this complaint.

160.    The pre-lawsuit notice requirements set forth in Labor Code § 2699.3 have been satisfied by written notice by first-class mail to Defendants and to the Labor and Workforce Development Agency, detailing the Labor Code and IWC Wage Order violations averred herein. The Labor and Workforce Development Agency refused to timely investigate these violations.

39.    Most of the predicate act violations which serve as the basis for this PAGA claim (minimum wage, contractual wage, and overtime violations, rest and meal period violations, and failure to compensate for all "hours worked") relate to the non-payment of wages or violations of the IWC Wage Orders.

40.    Plaintiff is aggrieved by Defendants' labor and payroll practices that:

    a.   fail to compensate for all "hours worked";

    b.   fail to compensate minimum, contractual, and premium wages;

    c.   inaccurately keep records of actual hours worked and wages earned;

    d.   fail to provide timely and/or complete rest and meal breaks, or premium wages in lieu thereof; and

    e.   fail to reimburse employees for expenses necessarily incurred for work;

161.    Plaintiff seeks civil penalties as provided under applicable Labor Code sections for violations of the Labor Code alleged herein pursuant to Labor Code § 2699(a). To the extent that any violation alleged herein does not carry a penalty, Plaintiff seeks civil penalties pursuant to Labor Code § 2699(f) for violations of those sections.

162.    Labor Code § 2699(f) provides:

For all provisions of this code except those for which a civil penalty is specifically provided, there is established a civil penalty for a violation of these provisions, as

INDIVIDUAL AND PAGA COMPLAINT                    *Case No.:*

follows: . . . (2) If, at the time of the alleged violation, the person employs one or more employees, the civil penalty is one hundred dollars ($100) for each aggrieved employee per pay period for the initial violation and two hundred dollars ($200) for each aggrieved employee per pay period for each subsequent violation.

163.    Plaintiff seek penalties due from Defendants on behalf of the State of California, as provided by Labor Code § 2699(i), including but not limited to, penalties due pursuant to Labor Code § 558(a) as a result of Defendants' violations of the provisions of the Labor Code and applicable Wage Orders.

164.    Defendant is liable in this PAGA claim under Labor Code §§ 558, 1197, 1194 2699(f), as the employer or other persons acting on behalf of the employer who caused the violations described herein. Defendants Gary McMillan, Justin McMillan, and Hall, are liable for causing the violations described herein because they implemented Defendant Mcmillan Hendryx's illegal policies, thereby causing the violations alleged herein.

165.    Plaintiff, on behalf of himself and other current or former employees, request relief as described below.

## VI. **PRAYER**

Wherefore, Plaintiff prays for judgment as follows:

A.    That the Court determine that this action may be maintained as a FLSA collective action or actions;

B.    For compensatory damages including wages, premium wages, and overtime wages in an amount according to proof with interest thereon;

C.    For a declaratory judgment that each of the Defendants violated Plaintiff's, and the FLSA Collective's rights under FLSA, 29 U.S.C. § 201 et seq., the California Labor Code, and applicable IWC Wage Orders as set forth in the preceding paragraphs;

D.    Award Plaintiff statutory damages or, in the alternative, actual and liquidated damages;

E.    That Defendants be found to have engaged in unfair competition in violation of California Business and Professions Code § 17200 et seq.;

31

F.   For declaratory relief for Defendants' violation of the California Labor Code, California Business and Professions Code, and the FLSA;

G.   For penalties and all available relief available under the PAGA statute, Cal. Labor Code §§ 2698 *et seq;*.

H.   For costs of suit and attorneys' fees pursuant to the California Labor Code;

I.   For wages pursuant to the remedy provisions of the above stated California Labor Code provisions, where applicable;

J.   For attorneys fees pursuant to the California Labor Code;

K.   For interest pursuant to the California Labor Code;

L.   For penalties and interest as provided by the California Labor Code;

M.   For injunctive relief as provided by the California Business and Professions Code;

N.   For all other relief provided by the FLSA, the California Labor Code, and California Business and Professions Code;

O.   For such other and further relief as the Court deems just and proper.

## VII.   **DEMAND FOR JURY TRIAL**

Plaintiff hereby demand trial of their claims by jury to the extent authorized by law.

Respectfully submitted,


Dated:  April 2, 2020            **MALLISON & MARTINEZ**




By:   /s/ Leanna M. Sac_____

     Stan S. Mallison
     Hector R. Martinez
     Leanna M. Sac
     Attorneys for Plaintiff

32