UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD TRENT GILMORE, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>MCMILLIAN-HENDRYX INCORPORATED, a Delaware Limited Liability Company, GARY HENDRYX, JUSTIN HENDRYX and DEB C. HALL,<br><br>Defendants; | Case No. 1:20-cv-00483-NONE-HBK<br><br>**CASE MANAGEMENT AND SCHEDULING ORDER**<br><br>Initial Disclosures:   Completed<br><br>Amendment<br>to Pleadings:   August 6, 2021<br><br>Mid-discovery   August 12, 2021 (report)<br>Status Conference:   August 19, 2021 10:00 AM<br>   (Teleconference)<br><br>Non-expert<br>Discovery Cutoff:   September 2, 2022<br><br>Expert Disclosure:   October 3, 2022<br><br>Supplemental<br>Expert Disclosure:   November 2, 2022<br><br>Expert<br>Discovery Cutoff:   November 21, 2022<br><br>Pretrial Motions<br>Filing Deadline:   January 23, 2023 |

1

|   |   |
|---|---|
| *Pre-trial Conference: | April 13, 2023 at 10:00 a.m. in Fresno |
| *Trial: | May 8, 2023 at 9:30 a.m. in Fresno |
| *Before Judge Barch-Kuchta | |

The Court conducted a case management and scheduling conference on January 21, 2021. Counsel Leanna Marie Sac appeared telephonically on behalf of plaintiff and Counsel Blaine R. Cox appeared telephonically on behalf of defendants.  Following the parties' Joint Report and as agreed to at the conference, the Court sets a case management and schedule to govern this action under Fed. R. Civ. P. 16(b) as follows:

**1.  Current Status of Consent to the Magistrate Judge Jurisdiction**

Under 28 U.S.C. § 636(c), both parties have consented to conduct all further proceedings in this case, including trial, before U.S. Magistrate Judge Helena Barch-Kuchta.

**2.  Fed. R. Civ. P. 26(a)(1) Initial Disclosures**

Initial disclosures under Fed. R. Civ. P. 26(a)(1) were completed prior to the conference.

**3.  Amendments to the Parties' Pleadings**

All stipulated amendments or motions to amend shall be filed on or before **August 6, 2021.**

**4.  Initial and Supplemental Expert Witness Disclosures**

Initial expert witness disclosures shall be served no later than **October 3, 2022**.

Supplemental expert witness disclosures shall be served no later than **November 2, 2022**.

Such disclosures must be made under Fed. R. Civ. P. 26(a)(2)(A) and (B) and shall include all information required thereunder.  In addition, Fed. R. Civ. P. 26(b)(4) and Fed. R. Civ. P. 26(e)

2

shall specifically apply to all discovery relating to expert witnesses and their opinions. Each expert witness must be prepared fully to be examined on all subjects and opinions included in the designations. Failure to comply with these requirements will result in the imposition of appropriate sanctions, which may include the preclusion of testimony or other evidence offered through the expert witness. Of note, this Court will enforce preclusion of testimony or other evidence for failure to comply with Fed. R. Civ. P. 26(e).

**5. Mid-discovery Status Conference**

This Court holds Mid-discovery Status Conferences in civil cases to address any discovery concerns that may arise during discovery, in lieu of filing a formal motion.

The parties will file a Joint Mid-Discovery Status Report, up to five (5) pages in length, no later than **August 12, 2021**. Should the parties desire to cancel the **scheduled August 19, 2021** Mid-Discovery Conference they must do so in compliance with Judge Barch-Kuchta's procedures available on her court website.

The Joint Report shall outline the status of the case, any additional discovery still planned, potential for settlement, and any other issues pending that would benefit from the Court's assistance/direction. The parties shall file the Joint Report as well as email a copy, in Word format, to hbkorders@caed.uscourts.gov. Parties appearing telephonically shall dial conference line at 1-888-204-5984 and entering Access Code 4446176.

**6. Pretrial Motions Schedule**

***a. General Information Regarding Filing Motions***

The parties are advised that unless prior leave of the Court is obtained, all moving and opposition briefs or legal memorandum in civil cases before the undersigned shall not exceed twenty-five (25) pages. Reply briefs by the moving party shall not exceed ten (10) pages. These page limitations do not include exhibits. Briefs that exceed this page limitation, and are sought to

3

be filed without leave, may not be considered by the Court.  Counsel, or *pro se* parties, may appear telephonically and argue non-dispositive motions before Magistrate Judge Barch-Kuchta by dialing the court's teleconference line at 1-888-204-5984 and entering Access Code 4446176, provided they indicate their intent to appear telephonically on their pleadings at least one week before the hearing.

### b. *Informal Discovery Conference prior to filing any motions to compel*

In order to file a discovery motion under Fed. R. Civ. P. 37, a party must receive permission from the Court following an informal discovery conference.  An informal discovery conference is separate and apart from the Mid-Discovery Conference set forth above.

Please refer to the Court's website for Magistrate Judge Barch-Kuchta's Practices and Procedures in Civil Cases which are listed under the civil cases tab.  A party wishing to schedule an informal discovery conference should contact chambers to receive available dates.  The Court will schedule the conference as soon as possible, taking into consideration the urgency of the issue. Before contacting the Court, the parties must meet and confer by speaking with each other in a person, over the telephone, or via video in attempt to resolve the dispute.

At least 24 hours prior to the conference, the parties shall simultaneously submit letters, outlining their respective positions regarding the dispute.  Such letters shall be no longer than three (3) pages in length. Letters shall be emailed to Magistrate Judge Barch-Kuchta's chambers at hbkorders@edca.uscourts.gov, and *not* filed with the Court.

### c. **Pretrial motions' deadline and motions to compel following an informal discovery conference**

All pre-trial motions, both dispositive and non-dispositive, shall be served <u>and filed</u> on or before **January 23, 2023**.  Magistrate Judge Barch-Kuchta will telephonically hear non-dispositive civil motions on the first and third Thursdays of the month at 10:00 a.m.  Before scheduling such

motions, the parties shall comply with Local Rule 230 or Local Rule 251.

Following the informal discovery conference set forth above, the parties are additionally required to conduct at least one **telephonic or video conference** as part of their obligations to meet and confer in good faith to resolve their discovery dispute prior to seeking judicial intervention. If a party files a motion to compel under Fed. R. Civ. P. 37, the parties must prepare and file a Joint Statement re Discovery Disagreement ("Joint Statement") in compliance with Local Rule 251. Failure to comply with Local Rule 251 will result in the Court denying the motion without prejudice and dropping the motion from calendar. In addition to filing a Joint Statement electronically, a copy of the Joint Statement, in Word format, shall also be sent to Magistrate Judge Barch-Kuchta's chambers by email to hbkorders@caed.uscourts.gov.

**d. Motions for Summary Judgment or Summary Adjudication**

Prior to filing a motion for summary judgment, or motion for summary adjudication, the parties are required to meet, in person or by telephone, and confer to discuss the issues to be raised in the motion.

The purpose of meeting shall be to: 1) avoid filing motions for summary judgment where a question of fact exists; 2) determine whether the respondent agrees that the motion has merit in whole or in part; 3) discuss whether issues can be resolved without the necessity of briefing; 4) narrow the issues for review by the court; 5) explore the possibility of settlement before the parties incur the expense of briefing a summary judgment motion; and 6) to arrive at a joint statement of undisputed facts.

The moving party shall initiate the meeting and provide a draft of the joint statement of undisputed facts. In addition to the requirements of Local Rule 260, the moving party shall file a joint statement of undisputed facts.

In the notice of motion, the moving party shall certify that the parties have met and conferred

as ordered above and set forth a statement of good cause for the failure to meet and confer.

7. **Settlement Conference**

The parties indicated that a settlement conference may be appropriate after discovery has begun. Within one week of discovery's closing, the parties shall submit a joint filing indicating whether they consent to a settlement conference at that time. If so, a settlement conference will be set by separate order. The parties are advised that unless otherwise permitted in advance by the Court, the attorneys who will try the case shall appear at the settlement conference with the parties and the person or persons having full authority to negotiate and settle the case, on any terms, at the conference.

8. **Pretrial Conference and Trial**

A pretrial conference will be held on **April 13, 2023 at 10:00 a.m**. in Fresno before the undersigned. Trial is set to begin at on **May 8, 2023 at 9:30 a.m.** in Fresno before the undersigned, for an anticipated duration of two weeks. Details on the pretrial conference and the trial will be communicated to the parties in advance.

9. **Effect of This Order**

This order represents the best estimate of the Court and counsel as to the agenda most suitable to dispose of this case. If the parties determine at any time that the schedule outlined in this order cannot be met, counsel are ordered to notify the Court immediately of that fact so that adjustments may be made, either by stipulation or by subsequent status conference.

The dates set in this order are firm and will not be modified absent a showing of good cause even if the request to modify is made by stipulation. Stipulations extending the deadlines contained herein will not be considered unless they are accompanied by affidavits or declarations, and where appropriate, attached exhibits, which establish good cause for granting the relief requested.

The failure to comply with this order may result in the imposition of sanctions.

IT IS SO ORDERED.

Dated:   January 29, 2021

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE