UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDMOND TRENT GILMORE AND DANIEL GOWANS, on behalf of themselves, all others similarly situated, and the State of California<br><br>Plaintiffs,<br><br>v.<br><br>McMILLAN-HENDRYX INCORPORATED, dba AMERICAN SEALS WEST, INC., GARY HENDRYX, JUSTIN HENDRYX, DEB C. HALL,<br><br>Defendants. | Case No. 1:20-cv-00483-HBK<br><br>ORDER TO SUPPLEMENT MOTION FOR APPROVAL OF PAGA SETTLEMENT<br><br>(Doc. No. 20) |

Pending before the Court is the Motion for Preliminary Approval of PAGA Settlement submitted by Plaintiff Edmond Trent Gilmore and Daniel Gowans ("Plaintiffs"). (Doc. No. 20).

"'A PAGA representative action is ... a type of qui tam action'" in which a private plaintiff pursues 'a dispute between an employer and the state Labor and Workforce Development Agency' ('LWDA') on behalf of the state. *Haralson v. U.S. Aviation Servs. Corp.*, 383 F. Supp. 3d 959, 971 (N.D. Cal. 2019) (quoting *Iskanian v. CLS Transp. L.A., LLC*, 59 Cal. 4th 348, 382, 384 (2014)). Although such actions do not require class certification, the Court must review and approve the settlement of an action filed pursuant to the PAGA. *Id.*; Cal. Lab. Code § 2699(*l*)(2). There is limited guidance on the standards for reviewing PAGA settlements. *Haralson*, 383 F.

Supp. 3d at 971-72; *Basiliali v. Allegiant Air, LLC*, 2019 WL 8107885, *3 (C.D. Cal. July 1, 2019). Generally, courts consider: (1) whether the statutory requirements of notice to the LDWA have been satisfied, and (2) whether the settlement agreement is fair, reasonable and adequate in light of PAGA's public policy goals, which include "augmenting the state's enforcement capabilities, encouraging compliance with Labor Code provisions, and deterring noncompliance." *Kang v. Wells Fargo Bank, N.A.*, 2021 WL 5826230 (N.D. Cal. Dec. 8, 2021). As several cases note, the LWDA has indicated that "when a PAGA claim is settled, the relief provided for under the PAGA [must] be genuine and meaningful." *See, e.g., id.*

To evaluate the proposed PAGA settlement here, the Court requires additional information. First, Plaintiffs have provided no information about the scope of the potential PAGA penalties. They state that a copy of the initial notice to LDWA describing the basis for PAGA liability, dated January 8, 2020, was submitted to the Court, but appear to have inadvertently included only a copy of the notice of settlement submitted to LDWA on November 29, 2021. (Doc. Nos. 20 at 3; 20-2). They also failed to provide any current estimate of potential PAGA penalties. *Cf. Haralson*, 383 F. Supp. 3d at 972-74 (surveying cases; expressing concern and requesting more information where settlement purportedly allocated to PAGA claim only one percent of maximum estimated PAGA penalty); *Basiliali*, 2019 WL 8107885, * 4 (approving settlement where plaintiff submitted evidence that employees would receive approximately 18.67% of the maximum estimated PAGA penalty); *see also Smith v. Grundfos Pumps Manufacturing Corp.*, 2021 WL 5298863, *12-13 (E.D. Cal. Nov. 15, 2021) (finding plaintiff failed to show why significant PAGA penalty reduction at settlement was appropriate). These omissions are significant. Without information about the scope of the potential penalty—at the outset and under the current model—the Court cannot determine whether the settlement warrants approval under PAGA.

Second, Plaintiffs have not provided the Court with any information about the reasonableness of the attorney's fees in the settlement. Reasonable fees and costs are awarded in PAGA actions. Cal. Lab. Code § 2699(g)(1); *Hamilton v. Juul Labs, Inc.*, 2021 WL 5331451, *12-13 (N.D. Cal. 2021) (finding fees reasonable based on novelty of PAGA claims, Ninth

Circuit 25% benchmark, and 1.25 multiplier to lodestar); *Patel v. Nike Retail Services, Inc.*, 2019 WL 2029061, * 4 (N.D. Cal. May 8, 2019) (finding fees reasonable where, although they represented the largest amount in the PAGA settlement, they represented 18% of the lodestar and litigation included substantial discovery, motion practice, and mediation efforts over five years). Here, the fees and costs appear to represent over 41% of the gross settlement amount ($18,362.12 of the $44,500) and no lodestar information is provided.  The Court cannot approve the PAGA settlement based on this limited information.

Accordingly, it is **ORDERED**:

1. Within seven (7) days of the date of this order, Plaintiffs shall submit supplemental evidence regarding the PAGA penalty calculations.
2. Within seven (7) days of the date of this order, Plaintiffs shall submit supplemental evidence regarding their attorney's fees and costs.

Dated:     December 29, 2021

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE